# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA,**          CASE NO.: 8:18-cr-390-T-17JSS
    **Plaintiff,**

v.

**OSCAR VERA RODRIGUEZ,**
    **Defendant.**
_____/

## SENTENCING MEMORANDUM

**COMES NOW**, OSCAR VERA RODRIGUEZ, by and through the undersigned counsel, and files this sentencing memorandum in support of a sentence below the advisory guideline range. Mr. Vera Rodriguez respectfully requests that this Honorable Court impose a sentence "sufficient, but not greater than necessary" to achieve the sentencing purposes of 18 U.S.C. § 3553(a).

## FACTORS SUPPORTING A VARIANCE

1. The defendant pled guilty to the charge of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States on November 28, 2018. He is set for sentencing on March 8, 2019 at 2:00 P.M.

2. Mr. Vera Rodriguez is forty-four (44) years old. He was raised very poor and his family relied on him to assist in supporting them financially at a very young age. He is a member of a large family that is dependent on him emotionally and financially. Furthermore, given his age and declining health, a lengthy prison sentence will only exacerbate his failing health and result in significant costs to the United States Government.

3. Given the harsh socioeconomic conditions of his native country of Mexico, Mr. Vera Rodriguez improvidently chose to be a part of moving drugs over the high seas. Sadly, when presented with a lucrative, albeit illegal opportunity, Mr. Vera Rodriguez accepted with the aim of improving his family's plight and economic situation. Put more bluntly, Mr. Vera Rodriguez was offered likely more money than he would ever earn through legitimate sources during his whole life to transport these narcotics over

1

the high seas. This amount of money would have changed both his life and the life of his family for the foreseeable future.

4. The Supreme Court declared in Pepper v. United States, 131 S.Ct. 1229 (2011), among other things that the history and characteristics of the defendant *on the day of sentencing* (or re-sentencing in Pepper's case) are crucial. As Mr. Vera Rodriguez stands before this Court on March 8, 2019, his history shows a sentence of the minimum mandatory 10 years imprisonment adequately reflects the seriousness of his crime in light of the totality of the circumstances surrounding his character and life. So while his guideline imprisonment range is 135 months to 168 months, the minimum mandatory is sufficiently retributive and rehabilitative.

5. Another factor that supports the ten (10) year request is his conditions of confinement and detainer. The county jails contracted to hold federal inmates do not afford the same quality of incarceration conditions as standard BOP facilities. Furthermore, Mr. Vera Rodriguez has a detainer placed on him, so immediately upon his release from the BOP, Mr. Vera Rodriguez will be immediately deported back to Mexico.

6. Further argument will be presented *ore tenus* on mitigating issues at sentencing.

7. Undersigned Counsel has reviewed the Presentence Investigation with Defendant and his arguments have been noted. These objections included issues concerning the First Step Act, which recently became law.

**WHEREFORE**, because a sentence less than the guidelines honors the factors of §3553(a) and is "sufficient, but not greater, than necessary", Mr. Vera Rodriguez respectfully requests this Honorable Court grant a variance that would acknowledge his background and circumstances as well as his imminent deportation.

*/s/ Jonathan E. Hackworth*
Jonathan Hackworth, Esq.
FBN #84234
Hackworth Law, P.A.
1818 North 15th Street
Tampa, FL 33605
Telephone: (813) 280-2911
Email: jhack@bhtampa.com
       jtorrellas@bhtampa.com
Attorney for the Defendant

# CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this March 7, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

                /s/ Jonathan E. Hackworth
                Jonathan E. Hackworth, Esq.