UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                                                       Case No.: 8:18-cr-390-T-17JSS

JUAN DIEGO CONTRERAS FLORES
_____/

**DEFENDANT'S MOTION FOR DOWNWARD VARIANCE
AND SENTENCING MEMORANDUM IN SUPPORT OF HIS REQUEST
FOR A REASONABLE SENTENCE**

COMES NOW, the Defendant, Juan Diego Contreras Flores, by and through undersigned counsel, and files this sentencing memorandum to support a sentence below the advisory guideline. Mr. Contreras Flores moves this Court for the imposition of a reasonable sentence which is no greater than necessary to comply with the purposes of sentencing enumerated in 18 U.S.C. § 3553(a)(2). As grounds to support this motion, Mr. Contreras Flores states:

**I.     MR. CONTRERAS FLORES' BACKGROUND**

Mr. Contreras Flores is an 18 year-old loving grandson, son, brother, and boyfriend. Prior to his arrest, he worked hard fishing and farming to help support his family. Young and impressionable, Mr. Contreras Flores made the very poor decision to participate in the conspiracy for which he is before this Honorable Court.

Mr. Contreras Flores grew up in La Brecha, Sinaloa, Mexico, a rural and impoverished town. There, his mother having left, Mr. Contreras Flores lived in his grandmother's home along with his father and younger sister. For a time, Mr. Flores Contreras' parents moved to the United States leaving he and his sister behind to live with his paternal grandmother. Upon their return

from the United States, Mr. Contreras Flores' mother did not move back in with them. Despite his mother's absence from the home, Mr. Contreras Flores would see her every few weeks. And while nothing nor no one can replace a mother's love, Mr. Contreras Flores' grandmother was a close second. When speaking of his grandmother, Mr. Contreras Flores' eyes light up. He is most upset with himself for the pain he has caused her and for the very real possibility that he may never see her again given her age and poor health.

Determined to make the most out of this situation, Mr. Contreras Flores has thought of ways to improve himself since his incarceration. He would like to learn to speak, read, and write English, and learn welding skills and participate in RDAP if given the opportunity.

## II. THE OFFENSE CONDUCT

Just a few months after turning 18 years-old, Mr. Contreras Flores embarked on a cocaine smuggling venture, which is the case at hand. Six individuals, including Mr. Contreras Flores, were in a go-fast vessel when the United States Coast Guard interdicted it in the Eastern Pacific Ocean, approximately 202 nautical miles southwestwest of Isle de Socorro, Mexico. Subsequently, law enforcement recovered bales of suspected cocaine, with an approximate weight of 1,307 kilograms. The parties were eventually brought to the United States through Tampa, Florida.

Mr. Contreras Flores accepted responsibility early in the instant case. Thereafter, he admitted his guilt through a plea agreement with the Government.

## III. GUIDELINES CALCULATION

The PSR recommends a base offense level of 38 for Mr. Contreras Flores. He has been given a downward adjustment for clearly demonstrating his acceptance of responsibility, and he meets the criteria set forth in § 5C1.2 and 2D1.1(b)(18). As such, Mr. Contreras Flores received

an additional two-level reduction to his guideline calculation making his total offense level 33. Because this Court adjudicated Mr. Contreras Flores guilty on November 5, 2018, The Fist Step Act does not apply. However, the defense is hopeful the Court will vacate Mr. Contreras Flores' adjudication and adjudicate him guilty at sentencing so that he is eligible to be sentenced under The First Step Act.  That being said, having no prior criminal history, Mr. Contreras Flores' guideline imprisonment range is 135 months to 168 months.

### III. MOTION FOR DOWNWARD VARIANCE PURSUANT TO 18 U.S.C. § 3553(a)

As this Honorable Court is well aware, a United States District Court is no longer limited by the guidelines since the matrix is merely considered advisory.  *United States v. Booker*, 543 U.S. 220, 245-267, 125 S. Ct 738 (2005).   The use of the guidelines in a roll other than advisory violates the defendant's Sixth Amendment rights.  *Booker* at 244-245.  Further, there is no legal presumption that the Guidelines sentence should apply.  *Rita v. United States*, 551 U.S. 338, 351, 127 S. Ct. 2456 (2007).

A district court has the ability and authority to impose a sentence, merely "because the case warrants a different sentence…" regardless of the range calculated by the guidelines.  A sentencing court may impose any sentence it deems appropriate as long as the court properly calculates and considers the guidelines along with the sentencing factors of 18 U.S.C. § 3553(a), before reaching its final decision.  *Id.*

As further explained below, Mr. Contreras Flores respectfully suggests that an individualized consideration of all of the 18 U.S.C. § 3553(a) factors supports the imposition of a below-guidelines sentence.

**A. The Nature and Circumstances of the Offense and the History and Characteristics of Mr. Contreras Flores.**

Without downplaying the seriousness of this offense, Mr. Contreras Flores' young age and background play a significant role in his involvement. Like others in these conspiracies, Mr. Contreras Flores did not involve himself in this criminal conduct out of greed. A resident of a city stricken by poverty and violence, Mr. Contreras Flores wanted desperately to better provide for himself and his family. Unfortunately, that desperate decision to participate in a drug-smuggling venture resulted in a much greater tragedy to his family – his complete absence.

Beginning when he was 12 years-old, Mr. Contreras Flores worked for his family fishing and farming corn and beans. A few years later, he traded his school books for shrimp nets when he dropped out of school to work full-time in an effort to contribute more financially to his grandmother. It was around this time in his life that Mr. Contrears Flores also started abusing alcohol and cocaine. He attributes his substance abuse to the poor choices he made which caused him to get into fights and other trouble.

Lacking a complete education, abusing alcohol and drugs and having turned 18 years-old just months earlier, this Honorable Court should consider Mr. Contreras Flores' young age when determining a reasonable sentence. In 2017, the United States Sentencing Commission published, *Youthful Offenders in the Federal System* (https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20170525_youthful-offenders.pdf) and noted

> "The contribution that neuroscience has made to the study of youthful offending is significant and continues to evolve. That research has focused on the prefrontal cortex of the brain, which is located at the front of the frontal lobe and is the last part of the brain

to fully develop. The prefrontal cortex is utilized in impulse control, emotional reactions, executive function and decision making." *Id* at 6.

In the same publication, the Commission cited a landmark study of frontal lobe maturation that states maturation is not complete until a person is in his mid-twenties -- far from then 18 year-old Juan. See *id* at 7. Further, there is a confounding effect of substance abuse on developing brains with "results indicating further delays in brain development among youth and young adults with substance use histories." *Id*.

Without a doubt, the number one 3553(a)-factor this Court should consider -- one that sets Mr. Contreras Flores apart from others -- is his youthfulness.

**B. To Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense.**

Unquestionably, Mr. Contreras Flores recognizes the seriousness of this offense and realizes this Honorable Court should and will punish him accordingly. Factors are present in this case, however, that sufficiently mitigate and support a sentence below the guidelines. A multiple-year incarcerative sentence given to a non-violent, first-time, youthful offender who, after serving such sentence will be deported, will certainly reflect the seriousness of the offense, promote respect for the law, and provide just punishment.

**CONCLUSION**

After consideration of the factors enumerated in 18 U.S.C. § 3553(a), this Court should find that a sentence below the advisory guideline range is "sufficient but not greater than necessary to achieve the purposes of sentencing" for a first-time, non-violent, youthful offender.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of April 2019, a true and correct copy of the foregoing was furnished using the CM/ECF system with the Clerk of Court, which will send notice of the electronic filing to the following:

Nicholas DeRenzo, AUSA

Respectfully Submitted,

*/s/ Summer Rae Goldman*
Summer Rae Goldman
Florida Bar No. 0494615
Goldman Wetzel, PLLC
915 1st Ave. North
St. Petersburg, FL 33705
Phone: (727) 828-3900
Fax: (727)828-3901
Email:Summer@goldmanwetzel.com