UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                                                              Case No. 8:18-cr-390-T-17JSS

**ADIL OLAVE ANCHUNDIA**
_____/

## DEFENDANT ADIL OLAVE ANCHUNDIA 'S
## SENTENCING MEMORANDUM
## AND MOTION FOR DEPARTURE AND VARIANCE

Mr. ADIL OLAVE ANCHUNDIA, by and through undersigned counsel, respectfully files this sentencing memorandum and motion for a departure and variance. Mr. Olave Anchundia files this memorandum in support of his previously-filed objections to the Presentence Report (PSR) (Doc. 156). Mr. Olave Anchundia also moves for a variance from the applicable Mr. Olave Anchundia also moves for a downward variance from the applicable guideline range. Grounds in support therefore are as follows:

**Background**

Mr. Olave Anchundia, a 41-year old first offender, has a wife and five children living in a house made of sugar cane and bamboo back in Santa Helena, Ecuador. Until he made the fateful decision to serve as a mariner on this ill-fated voyage, he made $20 to $25 per week fishing, an amount insufficient to provide for his family. He has earned his living fishing since age 12, but recently the fishing became very poor. He quit school at

in the Fifth Grade at age 12 because he needed to help provide for his very ill mother (who ultimately died of stomach cancer). PSR at ¶¶ 39–53.

Mr. Olave Anchundia expressed a willingness to cooperate with the government as soon as he was afforded counsel, and he has cooperated fully from the earliest possible moment.

**Memorandum of Law**

**The Court has broad authority to fashion an appropriate sentence.**

A sentencing court may consider any factors or combination of factors that bear on its judgment of an appropriate sentence under 18 U.S.C. § 3553(a), to which judgment a reviewing court must afford "due deference." *United States v Irey*, 612 F.3d 1160, 1187 (11th Cir. 2010) (en banc). Under present sentencing authority, district courts have very broad authority to fashion appropriate sentences. *See Irey*, 612 F.3d at 1212 ("*Kimbrough* allows a district court to vary from the guidelines based solely on its judgment that the policies behind the guidelines are wrong.") *Also see United States v. Spears*, 555 U.S. 261 (2009). "The guidelines are not only *not mandatory* on sentencing courts, they are also not to be *presumed* reasonable." *Nelson v. United States*, 555 U.S. 350, 352 (2009) (emphasis original).

**Proportionality and fairness are key goals of sentencing.**

Further, the newest model of sentencing, embodied in the United States Sentencing Guidelines, has "three main goals: (1) honesty, (2) fairness, and (3) proportionality . . . . To achieve proportionality, Congress replaced the theory that sentences should be imposed primarily to rehabilitate offenders with the theory that

sentences should be no harsher than necessary to serve the four traditional purposes of sentencing." *Id.* at 1229–30. 18 U.S.C. § 3553(a) embodies the "parsimony principle," which requires a court to impose a sentence "sufficient but not greater than necessary" to achieve the purposes of sentencing set forth in Section 3553(a)(2).

**Outstanding Objection to Presentence Report—Role in Offense.**

The PSR includes a recommendation for **no** adjustment for role in the offense. PSR at ¶ 24. Mr. Olave Anchundia requests that he be considered for role mitigation under USSG §3B1.2 or a downward variance under the Court's broad sentencing discretion. The Guidelines give the Court discretion to adjust the Role in Offense downward **2** levels for a **minor** participant, **4** levels for a **minimal** participant or **3** levels for "cases falling between [minor and minimal]." USSG §3B1.2. This determination is to be based on the Court's evaluation of the "totality of circumstances." *United States v. Cruikshank*, 837 F.3d 1182, 1195 (11th Cir. 2016), *cert. denied*, 137 S. Ct. 1435 (2017). The Court, of course, has discretion to vary downward **1–4** (or more) levels in consideration of sentencing factors.

A denial of a role reduction is reviewed for clear error. *Cruikshank*, 837 F.3d at 1192. "So long as the basis of the trial court's decision is supported by the record *and* does not involve a misapplication of a rule of law," the sentencing court's decision will be affirmed. *United States v. Rodriguez De Varon*, 175 F.3d 930, 945 (11th Cir. 1999) (en banc). The fundamental disagreement between Mr. Olave Anchundia and the Probation Office recommendation is concerning the group of conspirators who should be included in role comparison and whether this role analysis requires evaluation of the five factors

delineated by the Sentencing Commission in 2015. The Probation Office consistently takes the position that only the crewmembers present on a smuggling boat when intercepted should be considered and it also consistently declines to address the five factors articulated in the amended language. *See* Doc. 156 at 15–16. So, in terms of relevant conduct—drug quantity—Mr. Olave Anchundia starts at Level 38 just as would "El Chapo" or any cartel leader.

Mr. Olave Anchundia respectfully asserts it is wrong as a matter of law to omit for role comparison the higher-level conspirators obviously involved in *this* venture and also to decline to address the five 2015 factors set forth by the Sentencing Commission. This is no small matter. In a case such as this, where the drug quantity dictates an Offense Level 38, application of U.S.S.G. §§ 3B1.2(b) and 2D1.1(a)(5) would mean that even a two-level role reduction would result in a total reduction of six levels. *United States v. Colorado*, No. 16-17714, *1 n.1 (11th Cir. Nov. 28, 2017).

Comparison of participants is limited to others "identifiable or discernible from the evidence." *Rodriguez De Varon*, 175 F.3d at 944. Thus, the report of the Defendant's debriefing (provided to the Probation Office with Defendant's written objections) identify substantially more significant co-conspirators leading and organizing the particular smuggling venture for which Mr. Olave Anchundia has been convicted.

*Cruikshank* goes on to quote from 2015 language added to 3B1.2 in Application Note 3(C). The factors to be considered by sentencing courts are listed below with a parenthetical explanation of how they apply in this case. An analysis of each factor points a downward role adjustment for Mr. Olave Anchundia.

> **In determining whether [a defendant warrants a minimal or minor participant] or an intermediate adjustment, the court should consider the following list of factors:**
>
> **(i)   the degree to which the defendant understood the scope and structure of the criminal activity;**

(While Mr. Olave Anchundia has some information concerning the co-conspirators and their smuggling operation and has provided that to the government, he has nowhere near a full, comprehensive understanding of the full "scope and structure of the criminal activity.")

> **(ii)   the degree to which the defendant participated in planning or organizing the criminal activity;**

(Mr. Olave Anchundia received instructions from others and did as he was told—he had no role in "planning or organizing" the activity.)

> **(iii)   the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;**

(Zero. Mr. Olave Anchundia exercised *no* decision-making authority nor did he have any such influence.)

> **(iv)   the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;**

(Mr. Olave Anchundia and his boat-mates were arguably the lowest-ranking (and obviously most expendable) participants in this drug-smuggling venture. They were given instructions and had no "discretion in performing those acts" that made them criminally culpable in this crime.)

> **(v) the degree to which the defendant stood to benefit from the criminal activity. For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply paid to perform certain tasks should be considered for an adjustment under this guideline.**
>
> **The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative.**

(Mr. Olave Anchundia in no way had a "proprietary interest" or any kind of ownership stake in this voyage.) *See Cruikshank*, 837 F.3d at 1193 (emphasis added). As the Application Note above points out, that a defendant's particular role was "essential" is "not determinative."

And *Cruikshank* cautions against excluding a defendant from role mitigation simply because a large quantity of drugs were involved. The 2015 amendment clarified "that a defendant could be considered for minor-role adjustment in many circumstances, none of which turn on drug quantity." *Id.* at 1194. In fact, in remanding the case for re-sentencing, the court noted facts that match Mr. Olave Anchundia's precisely, including that:

> [T]here was nothing in the record to suggest that the amount of drugs was indicative of the magnitude of Cruikshank's participation in the crime—to the contrary, he did not load the drugs on the vessel, reconstruct the vessel, fuel the vessel, attend the planning meetings for the trip, or otherwise appear to have any role concerning the quantity of drugs on board.

*Id.* at n.1.

In view of the five Guidelines factors above and in comparison with the roles of other participants culpable in this conspiracy, Mr. Olave Anchundia warrants a two-level reduction in the Offense Level in recognition of his minor role. However, within

consideration of the § 3553(a) sentencing factors, the Court has the discretion to vary downward any number of levels, giving this factor any weight the Court sees fit. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015).

**WHEREFORE,** ADIL OLAVE ANCHUNDIA respectfully requests that this Honorable Court vary downward from the recommended Guidelines sentence, and to impose a sentence the Court finds sufficient but not greater than necessary to achieve the purposes of sentencing.

Respectfully Submitted,
*S/Christophir A. Kerr*
Christophir A. Kerr, Esq.
Florida Bar No. 72041
13801 Walsingham Rd., #A-154
Largo, FL 33774
(727) 492-2551 - telephone
(727) 593-9822 - facsimile
E-mail: christophirkerr@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing has been furnished by electronic filing to Elizabeth M. Warren, Clerk of the Court, U.S. District Court, Middle District of Florida, U.S. Courthouse, 801 N. Florida Ave., #223, Tampa, FL 33602-3800, on this 17th day of May 2019, for distribution to parties of record.

*S/ Christophir A. Kerr*
Christophir A. Kerr, Esq.