**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA

v.  Case No. 8:18-CR-390-T-17JSS

RODOLFO ZEA MARTINEZ,
       Defendant.

### DEFENDANT ZEA MARTINEZ SENTENCING MEMORANDUM AND MOTION FOR VARIANCE

Defendant Rodolfo Zea Martinez, by and through his undersigned counsel, respectfully submits that a sentence below the advisory Guidelines range computed in the Presentence Report, Doc. 182, (PSR) would be sufficient but not greater than necessary to serve the ends of sentencing set forth at 18 U.S.C. § 3553(a). In support of this recommendation, Mr. Zea Martinez submits the following memorandum.

### I.    Background

Rodolfo Zea Martinez was born in Mexico in January of 1977. He was raised as one of eight children in a household where his parents "struggled to provide for their large family." (PSR, ¶39). Mr. Zea Martinez was studying accounting in secondary school but had to leave school prior to completing his degree in order to support his family financially. (PSR, ¶¶39, 63). Thus, at the age of 16, he learned the fishing trade from his father and began to work to help support his family, foregoing any further formal education. Prior to his arrest in this case, Mr. Zea Martinez was providing financial support for his five children. (PSR, ¶¶ 50-51).

Mr. Zea Martinez is remorseful and apologizes sincerely to the Court and the United States for participating in the cocaine trafficking conspiracy that led to his arrest in this case. He recognizes that, although borne out of difficult financial circumstances, it was an extremely poor decision that he will have to live with for the rest of his life.

I. **Unresolved PSR Objection**

The only unresolved PSR objection relates to an objection by Mr. Zea Martinez to the two-level specific offense characteristic found at USSG §2D1.1(b)(3)(C), the so-called master enhancement. (PSR at 15). Mr. Zea Martinez points out that although he navigated and steered the Mexican vessel at certain points, so did at least two other defendants. (PSR, ¶14). Moreover, Mr. Zea Martinez points out that he was not hired as a captain or master in any formal sense as indicated by the fact that he was offered the same monetary payment as the others. In any event, the burden of proving the applicability of a specific offense characteristic in the face of an objection lies with the government. *United States v. Washington*, 714 F.3d 1358, 1361 (11th Cir. 2013).

If the Court sustains the objection raised by Mr. Zea Martinez, the total offense level would be 33, and the advisory Guideline range would be 135-168 months before applying the two-level downward departure for substantial assistance recommended by the government. (Doc. 184). Applying the two-level downward departure, the total offense level would be 31, with an advisory Guideline range of 108-135 months of imprisonment.

II. **Motion for Variance under Title 18, United States Code, Section 3553(a)**

As the Court is aware, the Guidelines are no longer mandatory and may not be presumed reasonable. *United States v. Nelson*, 555 U.S. 350 (2009). Indeed, there are ". . . many instances where the Guideline range will not yield a reasonable sentence. . ." *United States v. Hunt*, 459 F.3d 1180, 1184 (11th Cir. 2006). This case is such an instance where a consideration of the

factors addressed in Section 3553(a) supports a sentence below the advisory Guideline range recommended in the PSR. If the Court applies the two-level master enhancement, the advisory Guideline range is 135-168 months of imprisonment, after applying the two-level downward departure for substantial assistance. The government has agreed not oppose that his sentence be imposed at the low end of the range. (PSR, ¶ 6).

The offense of conviction in this case is a serious offense carrying serious consequences for those who violate the law. That said, a review of the nature and characteristics of the defendant and the circumstances that led him to commit the offense reveals a man who does not need to be imprisoned for 135 or more months. Mr. Zea Martinez has no criminal history and no history of violence. His co-defendants who departed from Mexico on the same boat as Mr. Zea- Martinez received sentences of 87 months (defendant Juan Diego Contreras Flores) and 135 months (defendant Oscar Vera Rodriguez), respectively. (PSR at 2). Unlike Messrs. Zea Martinez and Contreras Flores, defendant Vera Rodriguez did not receive a government-recommended downward departure for providing substantial assistance.

The need to provide the defendant educational and vocational training is also a relevant consideration under Section 3553(a). Mr. Zea Martinez can clearly benefit from vocational training while he serves his term of imprisonment. He has requested the ability to study mechanics and engine repair as well as English language courses. (PSR, ¶64). Mr. Zea Martinez would also request the opportunity to continue his accounting training, to the extent offered by the Bureau of Prisons.

Mr. Zea Martinez is deeply troubled and saddened that he will not be able to return home or even see his family for a number of years. Vocational training, in conjunction with his family's support, will serve to reduce the chance of recidivism when he is released. The Department of

Justice has emphasized this in their recent campaign to improve the reentry success of prisoners upon release: "[r]esearch shows that close and positive family relationships reduce recidivism, improve an individual's likelihood of finding and keeping a job after leaving prison, and ease the harm to family members separated from their loved ones."[1]

The Court is fully able to promote respect for the law, protect the public, and afford adequate deterrence by imposing a sentence less than 135 months in this case. Even if the Court accepts the defendant's arguments that a below guideline sentence is appropriate in this case, Mr. Zea Martinez still faces several years of imprisonment. The premise that all actors in the maritime drug smuggling arena will receive several years of imprisonment in a foreign country if captured serves these ends of sentencing when viewed in relation to the other factors. Moreover, recent scholarship indicates that the length of a given defendant's sentence has little specific or general deterrent effect. *E.g.*, Nagin, Daniel S., "Deterrence in the Twenty-First Century," in Crime and Justice in America: 1975-2025, ed. M. Tonry, Chicago, Ill.: University of Chicago Press, 2013: 199-264.[2] Rather, factors such as the likelihood of getting caught result in a greater deterrent effect than the relative sentence length. (*Id*. at 253) (suggesting that "lengthy prison sentences cannot be justified on deterrent grounds, . . .").

Weighing the advisory Guidelines and the sentencing factors set forth in Section 3553(a), the defendant submits that a downward variance from the Guideline range should be granted.

---

[1] Found at https://www.justice.gov/reentry/roadmap-reentry-reducing-recidivism-through-reentry-federal-bureau-prisons, last visited August 16, 2019.

[2] The National Institute of Justice (NIJ) – "the research, development and evaluation agency of the U.S. Department of Justice" – agrees with Nagin's conclusions on deterrence finding that certainty of being caught is a vastly more effective deterrent than imprisonment and that prison sentences are ineffective at deterring crime (and may be counterproductive), found at http://nij.gov/five-things/pages/deterrence.aspx, last visited August 16, 2019.

Indeed, in recent years district courts have imposed non-Guideline range sentences in the majority of powder cocaine trafficking cases. For fiscal year 2017, only 40.8% of powder cocaine trafficking defendants received a within range sentence.[3] The average sentence for powder cocaine trafficking defendants was 72 months for fiscal year 2017, which is more than five years below the low end of the Guidelines computed in the PSR for Mr. Zea Martinez. Thus, in order to avoid unwarranted sentencing disparities both with his co-defendants in this case and cocaine trafficking defendants nationwide, the defendant's motion for variance should be granted.

### III.     Conclusion

For all the reasons stated in this memorandum, the defendant urges the Court to grant his request for a variance and sentence him below the advisory Guideline range recommended in the PSR.

Respectfully submitted,

**s/Matthew J. Mueller**
Matthew J. Mueller, FBN: 047366
WIAND GUERRA KING, P.A.
5505 West Gray Street
Tampa, Florida 33609
Tel: 813-347-5100
Fax: 813-347-5198
Email: mmueller@wiandlaw.com
*Attorney for the Defendant*
*Rodolfo Zea Martinez*

---

[3] Found at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/quick-facts/Powder_Cocaine_FY17.pdf, last visited August 16, 2019.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 13, 2019, I electronically filed the foregoing with the Clerk of the Court and the parties of record by using the CM/ECF system.

                                                **s/Matthew Mueller**
                                                *Attorney for the Defendant*
                                                *Rodolfo Zea Martinez*